<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CALVIN NESMITH, | : | **Hon. Joel A. Pisano** |
| Petitioner, | : | Civil Action No. 05-4069 (JAP) |
| v. | : | **O P I N I O N** |
| RONALD CATHEL, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    CALVIN NESMITH, #71405B
    New Jersey State Prison
    Trenton, New Jersey  08625-0861
    Petitioner <u>Pro</u> <u>Se</u>

    EDWARD J. DE FAZIO, HUDSON COUNTY PROSECUTOR
    SUSAN B. GYSS, ASSISTANT PROSECUTOR
    595 Newark Avenue
    Jersey City, New Jersey  07306
    Attorneys for Respondents

**PISANO**, District Judge

    Calvin Nesmith filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Hudson County.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).  In response, Petitioner filed a motion to hold his Petition in abeyance while he presents

two unexhausted claims to the New Jersey courts.[1]  Respondents filed opposition to the motion, together with several documents from the state court record.  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court will deny Petitioner's motion for a stay and direct Respondents to file an answer.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on December 18, 1996, in the Superior Court of New Jersey, Hudson County, after a jury found him guilty of armed robbery, conspiracy to commit robbery, possession of a handgun for an unlawful purpose, possession of a handgun without a permit, criminal restraint, and possession of a razor under circumstances not manifestly appropriate for its lawful use.  The Law Division granted the state's motion to sentence Petitioner to an extended term of imprisonment as a persistent offender under the provisions of N.J. Stat. Ann. § 2C:44-3(a), and sentenced him to life imprisonment, with a 25-year period of parole ineligibility.

Petitioner appealed.  The Superior Court of New Jersey, Appellate Division, affirmed the conviction and remanded for resentencing.  State v. Nesmith, Docket No. A-3174-96T4 (Superior Ct. of N.J., App. Div., April 14, 1998).  On June 19, 1998, the Law Division resentenced Petitioner to a 50-year term of imprisonment, with a 20-year period of parole ineligibility.  Petitioner filed a petition for certification, which the New Jersey Supreme Court denied on July 13, 1998.

---

[1] The Petition before this Court, which presents nine claims, does not include the two claims referred to in Petitioner's motion.

Petitioner filed an unsigned and undated pro se petition for post conviction relief, which the Law Division stamped as received on April 16, 1999. Counsel for Petitioner thereafter filed a brief and supplemented Petitioner's submissions. The Law Division denied relief without an evidentiary hearing in an order filed December 12, 2000, even though Petitioner's counsel failed to appear for oral argument and Petitioner did not elect to proceed pro se. Petitioner appealed. In an opinion filed August 21, 2002, the Appellate Division reversed and remanded for Petitioner's counsel to have an opportunity to present his claims at argument on the petition. After hearing oral argument, on May 5, 2003, the Law Division again denied post conviction relief. Petitioner appealed, and on October 29, 2004, the Appellate Division affirmed. On February 16, 2005, the Supreme Court of New Jersey denied certification. State v. Nesmith, 182 N.J. 630 (2005) (table).

On May 7, 2005, Petitioner forwarded his first petition for writ of habeas corpus ("first petition") pursuant to 28 U.S.C. § 2254 to the Clerk of this Court. The Clerk received it on May 13, 2005. See Nesmith v. Cathel, Civil No. 05-2505 (JAG) (D.N.J. filed May 13, 2005). In response to this Court's Notice and Order pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner elected to withdraw the first petition without prejudice to the filing of his all-inclusive petition, subject to the statute of limitations. On June 27, 2005, this Court dismissed the first petition without prejudice.

On August 12, 2005, the Clerk received Petitioner's second § 2254 Petition (the petition before this Court), which is undated. The petition raises nine grounds:

> Ground One: THE COURT'S FAILURE TO INSTRUCT THE
> JURY THAT DEFENDANT COULD BE CONVICTED OF
> SECOND DEGREE ROBBERY AS AN ACCOMPLICE EVEN

3

IF THE PRINCIPAL HAD COMMITTED FIRST DEGREE ROBBERY CONSTITUTED REVERSIBLE ERROR.

Ground Two:  THE COURT'S REFUSAL TO INSTRUCT THE JURY THAT IT MAY DRAW AN ADVERSE INFERENCE FROM THE STATE'S FAILURE TO PRODUCE THE VICTIM AT TRIAL REQUIRES REVERSAL.

Ground Three:  THE STATE'S USE OF POLICE TESTIMONY OF THE UNKNOWN PERSON WHO STATED THAT THE PEOPLE IN THE BROWN COLORED CADILLAC WAS INVOLVED IN DOING STICKUPS IN THE LOCAL AREA VIOLATED DEFENDANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Ground Four:  INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LED TO A MISCARRIAGE OF JUSTICE IN VIOLATION OF DEFENDANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS, REQUIRING A REVERSAL IN THE CASE BEFORE THE BAR.

Ground Five:  THERE WAS A GROSS INSUFFICIENCY OF THE EVIDENCE IN THIS CASE, VIOLATING DUE PROCESS OF LAW AND LEADING TO A CONVICTION FOR A CRIME THAT SHOULD HAVE BEEN DISMISSED AGAINST DEFENDANT.

Ground Six:  THE PROSECUTOR VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS ENUNCIATED IN THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Ground Seven:  THE RECORD AS IT EXISTS - WHICH NEEDS TO BE SUPPLEMENTED BY AN EVIDENTIARY HEARING - REVEALS THAT THERE ARE SERIOUS PROBLEMS WITH THE STOP AND RESULTANT "PLAIN VIEW" DISCOVERY OF THE HANDGUN ON THE BACK FLOOR OF THE CADILLAC.  THE ONLY BASIS FOR POSITING "REASONABLE SUSPICION" WAS AN ANONYMOUS TIP BY A PASSERBY WHO IDENTIFIED THE BROWN CADILLAC TO POLICE AS A VEHICLE SIMILAR TO ONE USED BY THE ROBBERS WHO HAD VICTIMIZED HIM

ABOUT A WEEK PRIOR.  WITHOUT ANY CORROBORATION WHATSOEVER - BEYOND THE B[ARE] FACT OF THE PRESENCE OF A BROWN CADILLAC - THE POLICE PARKED THEIR VEHICLE BEHIND THE CADILLAC, WHICH HAD JUST PULLED INTO A MOTEL PARKING LOT PARKING SPACE, PREVENTED EGRESS IF THEY WOULD HAVE BEEN THE PASSENGERS' RESPONSE, AND ORDERED THOSE EMERGING FROM THE CAR TO GET BACK IN THE VEHICLE, CLINCHING THE CHARACTER OF THE ENCOUNTER AS AN INVESTIGATORY STOP IF THE BLOCKING OF THE CADILLAC'S ABILITY TO MOVE HAD NOT.  IT WAS ONLY AFTER THESE EVENTS TOOK PLACE THAT ONE OF THE PLAIN CLOTHES OFFICERS APPROACHED THE VEHICLE AND ALLEGEDLY SAW THE GUN IN PLAIN VIEW.

Ground Eight:  TRIAL COUNSEL'S FAILURE TO INVESTIGATE THE TRUTH AND PLAUSIBILITY OF TOSHA HILL'S ALLEGED OVERHEARING OF DEFENDANT'S CONFESSION IN THE HUDSON COUNTY JAIL WITHIN A COUPLE OF WEEKS OF THE ARREST IS A LAPSE IN PROFESSIONAL PERFORMANCE SO SERIOUS AS TO MANDATE THE GRANT OF A NEW TRIAL.  MS. HILL WAS THE ONLY WITNESS TO CORROBORATE THE TESTIMONY OF THE STATE'S STAR WITNESS, THE CODEFENDANT WHO IS A CAREER CRIMINAL.  ACCORDING TO A FULLY CREDIBLE OFFICER AT THE JAIL, RECORDS INDICATE THAT MS. HILL COULD NOT HAVE BEEN IN THE POSITION TO OVERHEAR ANY COMMENTS MR. NESMITH WAS ALLEGED TO HAVE MADE.

Ground Nine:  WITH THE CREDIBILITY OF FRANK DUNCAN THE CRUCIAL PIVOTAL ISSUE IN THIS TRIAL, AN EFFORT SHOULD HAVE BEEN MADE TO ATTACK IT FROM EVERY AVENUE.  SPECIFICALLY, NOT TO CALL CHARACTER WITNESSES TO OFFER OPINIONS AND REPUTATION EVIDENCE ON DUNCAN'S TRAIT FOR TRUTH TELLING WAS A SINGULAR DEFICIENCY IN THE CONTEXT OF THIS TRIAL.  IT REPRESENTED A CLEAR INSTANCE OF BELOW STANDARD PERFORMANCE WHICH LIKELY COST DEFENDANT HIS INNOCENCE.

(Pet. ¶ 12, Addendum II.)

In response to this Court's Mason order, on April 28, 2006, Petitioner filed a motion to stay and abate proceedings pending exhaustion of two claims before the New Jersey courts. In his certification, Petitioner states that he may not have exhausted the following claims (neither of which is presented in the Petition):

> (1) [W]hether the admission of out-of-court statements made to police by an unknown witness [accusing me of doing 'stick-ups'] violated my right to confrontation as articulated by the Supreme Court in Crawford v. Washington, 124 S. Ct. 1354 (2004);
>
> (2) [W]hether the sentence imposed exceeded that which could have been imposed by reference to aggravating factors reflected in the jury's verdict in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004).

(Certification of Calvin Nesmith dated April 14, 2006, ¶ 2.)

Petitioner asks this Court to stay his second § 2254 Petition because the statute of limitations would expire if he withdrew the Petition and exhausted these claims. Petitioner asserts that his request is not a litigation tactic designed to abuse or delay the proceedings.

This Court ordered service of the second § 2254 Petition and permitted Respondents to respond to Petitioner's motion. On June 15, 2006, Respondents filed a memorandum of law opposing the motion, together with the judgment of conviction, petition for post conviction relief and relevant state court opinions and orders. Respondents argue that the motion for a stay should be denied because a second state petition for post conviction relief would be time barred.

## II. DISCUSSION

In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Supreme Court authorized a district court to stay a mixed § 2254 petition under limited circumstances. Reversing the Eighth Circuit's decision that a district court has no authority to stay a mixed petition to allow the petitioner to

6

present his unexhausted claims to the state court and then to return to federal court, the Supreme

Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 1533.

The Rhines Court held that a district court has the authority to stay a mixed petition only when a stay would be compatible with AEDPA's purposes. Id. at 1534. Specifically, the Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 1535.

In this case, Petitioner seeks to exhaust claims arising from the Supreme Court's 2004 holdings in Crawford v. Washington, 541 U.S. 36 (2004), and Blakely v. Washington, 542 U.S. 296 (2004). The Supreme Court's decision in Blakely evolved from Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law. The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any

fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6).  In 2002, the Supreme Court held in Ring v. Arizona, 536 U.S. 584 (2002), that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  Ring, 536 U.S. at 602.  In 2004, the Blakely Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 124 S.Ct. at 2537 (emphasis in original).[2]

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court changed the standard under the Sixth Amendment's Confrontation Clause.  Prior to Crawford, the Supreme Court had held in Ohio v. Roberts, 448 U.S. 56 (1980), that the Confrontation Clause does not bar admission of an unavailable witness's out-of-court statement against a criminal defendant if the statement has adequate indicia of reliability, i.e., falls within a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness."  Id. at 66.  Abrogating Roberts, the Crawford Court held that the Confrontation Clause prohibits the admission of out-of-court testimony unless "the declarant is unavailable, and . . . the defendant has had a prior opportunity

---

[2] In 2005, the Supreme Court decided in United States v. Booker, 543 U.S. 220 (2005), that application of the Federal Sentencing Guidelines violates the Sixth Amendment because the guidelines require the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

to cross-examine." Crawford v. Washington, 541 U.S. at 68; see also United States v. Lore, 430 F.3d 190, 209 (3d Cir. 2005); United States v. Hinton, 423 F.3d 355, 358 (3d Cir. 2005).

Both Blakely and Crawford were decided after Petitioner's conviction became final in 1998, and this arguably constitutes good cause for his failure to exhaust under Rhines. And nothing before this Court indicates that Petitioner engaged in intentionally dilatory litigation tactics. Nevertheless, Petitioner is not entitled to a stay under the Rhines standard because Petitioner's conviction became final on October 12, 1998, and neither Blakely [3] nor Crawford [4] applies retroactively to convictions that became final prior to the 2004 rulings in those cases. Thus, neither claim is "potentially meritorious" under Rhines, 125 S. Ct. at 1525, and Petitioner is not entitled to a stay. See Lave v. Dretke, 444 F.3d 333, (5th Cir. 2006), pet. for cert. filed (June 13, 2006) (No. 05-11552) (holding that district court did not abuse its discretion by

---

[3] Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (because Ring v. Arizona "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review); Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker line of cases is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker, which applied the Blakely rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review); United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt").

[4] See, e.g., Espy v. Massac, 443 F.3d 1362, 1367 (11th Cir. 2006) (Crawford does not apply retroactively under § 2254 to convictions that became final before Crawford was decided in 2004); Murillo v. Frank, 402 F.3d 786, 790-91 (7th Cir. 2005) (same); Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005) (same); Mungo v. Duncan, 393 F.3d 327, 336 (2nd Cir. 2004) (same), cert. denied, Mungo v. Greene, 544 U.S. 1002 (2005); Brown v. Uphoff, 381 F.3d 1219, 1227 (10th Cir. 2004) (same), cert. denied, Brown v. Lampert, 543 U.S. 1079 (2005); but see Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005) (holding that Crawford applies retroactively), cert. granted, sub nom Whorton v. Bockting, ___ U.S. ___, 126 S. Ct. 2017 (2006).

denying stay of § 2254 proceeding so petitioner could return to state court and exhaust his state remedies as to Crawford claim because Crawford does not apply retroactively under § 2254). This Court will accordingly deny Petitioner's motion for a stay pending the exhaustion of claims arising under Crawford and Blakely, and order Respondents to file an answer.

### III.  CONCLUSION

Based on the foregoing, the Court denies Petitioner's motion for a stay and orders Respondents to file an answer.

Dated: August 28, 2006

/s/ JOEL A. PISANO
United States District Judge

Original:   Clerk
cc:         Judge Arleo
            All Parties
            File